OPINION OF THE COURT
Andrew G. Celli, J.
This is an appeal from a decision of the Honorable Reuben K. Davis, City Court Judge, of the City of Rochester, entered October 14,1980, wherein the landlord respondent was awarded $150.
This summary proceeding was brought by the landlord respondent Thomas J. Deese, by a notice of petition and petition, dated August 18, 1980, to recover real property rented by the tenant appellant, Christine Gray, at 179 Kenwood Avenue in the City of Rochester, and for a judgment against the tenant appellant for rent for the months of July and August, 1980, in the amount, of $500. The tenant appellant submitted an answer containing affirmative defenses based on the landlord respondent’s breach of the warranty of habitability and the covenant of quiet enjoyment, counterclaimed for compensatory damages in the amount of $2,250, arid for punitive damages in the amount of $1,000.
A nonjury trial was held on October 9,1980, in Rochester City Court and Judge Davis, in a written decision, found that eight defective conditions existed at the premises *925 since the time the tenant appellant moved in on June 1, 1980 pursuant to an oral lease, and that these conditions presented a danger to the tenant appellant’s health and safety. He also found that the landlord respondent had agreed to correct these conditions but had not done so.
Judge Davis found that the landlord respondent had, therefore breached the warranty of habitability, and that the fair market value of the rented premises was 50% of the agreed rate of $250 per month or $125 per month for the months of June and July, 1980. The court found that the tenant appellant had paid for her rent in full for the month of June, 1980, and thereafter, withheld the entire amount of the rent for the months of July and August, 1980. The court then went on to award the tenant appellant a rent abatement in the amount of $125 per month for the months of July and August, 1980. However, the decision does not reveal any specific finding of a breach of the warranty of habitability for the month of August, 1980. The court also failed to award a rent abatement to the tenant appellant for the month of June, 1980, for which a specific finding of a breach of the warranty of habitability had been made and for which a fair market rental value of $125 had been established.
Ordinarily, these inconsistencies would prompt this court to remand the case to the lower court for a clear determination of the duration and extent of the breach of the warranty of habitability and for a precise determination of the fair market value of the premises for each month the landlord respondent was in breach. However, this case appears here by way of a statement in lieu of record on appeal pursuant to CPLR 5527, which was signed by the Trial Court Judge, as if he were a party, and characterizes the decision in a different light. The trial court now finds a breach of warranty of habitability through the month of August, 1980.
The proper question presented by this appeal, based upon the decision and conclusions contained in the statement in lieu of record on appeal is:
In an action to recover real property for the nonpayment of rent, is the tenant limited to a rent abatement for those months in which the landlord claims nonpayment?
*926 This case arises under section 235-b of the Real Property Law which has codified the common-law concept of the warranty of habitability in New York. Under section 235-b, the warranty of habitability and a tenant’s corresponding duty to pay rent take on characteristics of contract law. As such, the statute creates an independent cause of action available to tenants in the event of a breach of the warranty of habitability. There is nothing in the statute that could be construed as limiting a tenant’s remedy to a mere defense in an action by a landlord to recover real property for the nonpayment of rent. To hold otherwise would be contrary to the plain language of the statute and to the public policy that it embodies. The tenant appellant convincingly argues that the creation of such a limitation would penalize tenants who relied on a landlord’s promise to repair and who paid their rent in full in anticipation of the landlord’s good faith efforts to maintain the premises in a habitable condition.
Such a limitation would deter co-operation between landlords and tenants in that tenants would be forced to withhold rent payments as a first step, for fear of forever losing their claims. This result would be clearly inconsistent with the legislative purpose of section 235-b. In short, the duty of tenant to pay rent is coextensive with the landlord’s duty to maintain the premises in a habitable condition. (See Park West Mgt. Corp. v Mitchell, 47 NY2d 316, 329.)
This court finds that it was error not to award the tenant appellant a setoff based on the diminution of the fair market rental value of the premises for the month of June, 1980..
Accordingly, the judgment in favor of landlord respondent in the amount of $150 is hereby modified and reduced to the sum of $25.