OPINION OF THE COURT
Andrew G. Celli, J.
This is a consolidated appeal of six separate but related summary proceedings commenced by the landlord respondent in the Clarkson Town Court against six tenants appellants. *84 Four of the summary proceedings were originally consolidated and tried together. Two additional summary proceedings were consolidated and judgments entered based upon the trial testimony of the first four proceedings.
The original actions were commenced by the landlord by notice of petitions dated during August of 1986. The other two summary proceedings were commenced in December of 1986. The landlord sought possession of the premises plus judgments for rent. The tenants answered and asserted defenses alleging a breach of the landlord’s warranty of habitability (Real Property Law § 235-b) and seeking rent abatement and avoidance of a rental increase. Additionally, the tenants counterclaimed for damages for a breach of warranty of habitability from August 1985 through August 1986. A bench trial was held on November 18, 1986. By decision dated January 8, 1987, concerning the first four consolidated proceedings and by decision dated March 16, 1987, concerning the other two summary proceedings, the court below awarded the tenants a 10% rent abatement from April 1986 through October 1986, denied the tenants’ application to avoid the rental increase, and awarded other damages not relevant on this appeal.
The extensive record and briefs of the parties make clear that there was a long-standing and serious sanitary problem at the mobile home park that is the subject of this lawsuit. The tenants and other witnesses, including representatives of the Monroe County Health Department, established an inadequate septic system. Official action had been commenced against the landlord during the summer of 1986 to remedy the problem. However, prior to that time several of the tenants involved in this action began withholding rent to protest these conditions. By awarding rental abatement of 10%, the court below must have found that the condition of the septic system was dangerous, hazardous, and/or detrimental to the tenants’ life, health or safety.
The warranty of habitability originally recognized by the Court of Appeals in Park W. Mgt. Corp. v Mitchell (47 NY2d 316 [1979]) has been codified in Real Property Law § 235-b. Mobile home parks have a coextensive warranty of habitability codified in Real Property Law § 233 (m). The record sufficiently justifies the trial court’s finding of a breach. This court will not set aside the trial court’s detrmination as to the percentage of rental abatement as such is the product of the fact-finding process left to the discretion of the finder of fact. The court finds no abuse of discretion in that regard.
*85 This court finds, however, that the court below erred in permitting a rental increase and in failing to award rental abatement from August 1985 through August 1986.
Each of the affected tenants asserted counterclaims for rental abatement alleging a breach of warranty of habitability from August 1985 through August 1986. This court cannot determine from the decision below whether the trial court found that the breach existed prior to April 1986. There was ample evidence that such a breach did exist, but the court only made an award from April 1986. Additionally, the court awarded rental abatement through October 1986, the month prior to the trial. This was beyond the scope of the pleadings. However, this court finds no error in the lower court’s factual finding that the breach continued to exist up to the date of repairs to the septic system in October 1986. This matter is remanded to the court below for fact finding concerning the breach of warranty from August 1985 through April 1986. Should the court below find that the breach of warranty existed during that period, the trial court should award damages for that period. (Deese v Gray, 111 Misc 2d 924 [Monroe County Ct 1981].)
Further, the court below erred in assessing damages based upon an increased rental. None of the tenants had a written lease. Further, none of the tenants were offered a written lease prior to occupancy as is required by Real Property Law § 233 (e). The oral month-to-month tenancy agreed to by the parties established a $170 monthly charge with a "discount” of $25 for payments made by the fifth of the month. This so-called "discount” is no more than a late charge in excess of the limitation proscribed by Real Property Law § 233 (r). As such, it is a penalty and void. The basic rental amount was $145 per month, as found by the court. In February 1986 the landlord notified the tenants of a $30 increase to take effect June 1, 1986. The new rental was $200 per month with the same $25 "discount” for payments by the fifth of the month. Again, this "discount” is no more than a late charge in excess of the permissible late charge and is therefore void. Base rent was $175 per month.
The court below, in assessing damages, used the higher figure and, in effect, permitted the rental increase.
It is unclear from the decision of the trial court whether the legality of the rental increase was considered by the court. The tenants raised the issue in their pleadings and submitted *86 proof on the issue. The court remands this matter to the trial court for recalculation of damages. This court holds that the rental increase was invalid upon the landlord’s failure to offer a written lease to the tenants as required by Real Property Law § 233 (e). (Hankin v Armstrong, 109 Misc 2d 709 [1981].)